# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BERNARD EVANS, JR. ,**

        **Plaintiff,**

**v.**                                    **Case No:   6:15-cv-911-Orl-31DAB**

**CITY OF EDGEWATER, FLORIDA,
JOSEPH MAHONEY, TIMOTHY WEBB
and JOSHUA D. ADAMS,**

        **Defendants.**

---

## ORDER

This matter is before the Court on the individual Defendants' Motion to Dismiss the Amended Complaint and to Strike Plaintiff's Claim for Damages (Doc. 14) and the Plaintiff's Response in Opposition (Doc. 18).[1]

### I.     Background

Plaintiff asserts he was a passenger in a car that was stopped for speeding and running a stop sign. During the stop the Defendant law enforcement officers pointed guns at him, instructed him to exit the vehicle, asked him to kneel on the ground, pushed him against a police cruiser, and ultimately arrested him for resisting arrest without violence—all of these actions were allegedly taken without probable cause to believe Plaintiff had committed or was about to commit a crime or that Plaintiff was involved in the driver's criminal actions. Plaintiff asserts that the officers invaded his privacy (Count I), battered him (Count II), and violated his civil rights (Counts III-V). By their

---

[1] The City of Edgewater's Motion to Dismiss (Doc. 13) was denied (Doc. 21).

motion, the Defendants contend that Count II (battery) fails to state a viable claim for relief and that they are entitled to immunity on that claim.[2]

## II.      Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.   Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).   The Court will liberally construe the complaint's allegations in the Plaintiff's favor.   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).   This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.   *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).   The complaint's

---

[2] Defendants also argued that the claim for monetary damages should be stricken from Count I. The Plaintiff agrees; accordingly that claim will be stricken. (Doc. 18 at 2, ¶ 1).

factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### III.    Analysis

Defendants assert two bases to dismiss Count II: 1) the officers are entitled to a presumption of good faith in regard to the use of force applied during a lawful arrest and 2) they should be entitled to statutory immunity under Florida Statutes, section 768.28.

While the Defendants are generally entitled to a presumption of good faith in the use of force during a lawful arrest that presumption does not warrant dismissal in this case. Assuming the arrest was lawful, to overcome the presumption of good faith imputed by Florida law the Plaintiff must ultimately show that the force used was excessive. *See Davis v. Williams*, 451 F.3d 759, 768 (11th Cir. 2006) ("Pursuant to Florida law, police officers are entitled to a presumption of good faith in regard to the use of force applied during a lawful arrest, and officers are only liable for damage where the force used is 'clearly excessive.' "). However, excessive force analysis is a highly fact-bound question, i*d.* at 767, and the Plaintiff has sufficiently stated a claim.

As to the issue of immunity, Florida law states, in pertinent part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. The Amended Complaint, when read most favorably for the Plaintiff, supports bad faith or malicious purpose on the part of the officers involved. Plaintiff alleges that there was no basis to believe he committed or was about to commit a crime or was making furtive motions. Before the Plaintiff was placed under arrest the officers pointed their guns at him, instructed him to get on his knees, and pushed him against a police cruiser.   (Doc. 10 ¶¶ 18-22). At

this stage of the proceeding, these allegations are sufficient to implicate the bad faith exception to statutory immunity.

Therefore, it is

**ORDERED**, that Defendants' Motion to Dismiss or to Strike (Doc. 14) is **GRANTED IN PART.** The claim for monetary damages is **STRICKEN** from Count I. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 17, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party